CAUSE NUMBER: 2020-82083

**KAREN STATON**
**PLAINTIFF**

VS.

IN THE 190TH JUDICIAL DISTRICT
COURT OF HARRIS COUNTY, TEXAS

**WAL-MART STORES TEXAS, LLC**
**DEFENDANT**

### RETURN OF SERVICE

My name is **GUY CONNELLY**. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: 1320 QUITMAN ST. STE 100, HOUSTON, HARRIS COUNTY, TX 77009, U.S.A.

ON **Tuesday December 29, 2020 AT 08:43 AM - CITATION, PLAINTIFF'S ORIGINAL PETITION, PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION TO DEFENDANT** came to hand for service upon **WAL-MART STORES TEXAS, LLC BY SERVING ITS REGISTERED AGENT, CT CORPORATION**.

On **Tuesday December 29, 2020** at **11:55 PM** - The above named documents were hand delivered to: **WAL-MART STORES TEXAS, LLC BY SERVING ITS REGISTERED AGENT, CT CORPORATION @ 1999 BRYAN STREET, SUITE 900, DALLAS, TX 75201, in Person.** By delivering to Terri Thongsavat, Intake Specialist

**FURTHER AFFIANT SAYETH NOT.**

STATE OF TEXAS          DECLARATION

"My name is **GUY CONNELLY**, my date of birth is **11/04/1951** my business address is **1320 QUITMAN STREET, HOUSTON, TX 77009**, and I declare under penalty of perjury that this affidavit is true and correct."

Executed in **Dallas County, State of Texas on Wednesday December 30, 2020**

**/s/ GUY CONNELLY**       **PSC#2201 EXP. 09/30/22**
Declarant       Appointed in accordance with State Statutes

2020.12.524361


EXHIBIT A

## 2020-82083 / Court: 190

CAUSE NO. _____

| | | |
|---|---|---|
| KAREN STATON, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| | § | |
| Defendant | § | \_\_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Karen Staton complains of Defendant Wal-Mart Stores Texas, LLC and would respectfully show the Court the following:

### I.

### Discovery Level

1. Discovery in this matter may be conducted under Level 3 of the Texas Rules of Civil Procedure.

### II.

### Jurisdiction and Venue

2. The claims asserted arise under the common law of Texas.

3. Plaintiff's damages are within the jurisdictional limits of this Court. This Court has jurisdiction and venue is proper because all or a substantial part of the events giving rise to Plaintiff's claims occurred in Harris County, Texas.

## III.

## Statement Regarding Monetary Relief Sought

4. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief greater than $100,000 but less than $250,000. Discovery has just commenced and, therefore, Plaintiff reserves the right to supplement or amend in accordance with the Texas Rules of Civil Procedure.

## IV.

## Parties

5. Plaintiff Karen Staton is an individual and a resident of Harris County, Texas.

6. Defendant Wal-Mart Stores Texas, LLC is a limited liability company, formed in the State of Arkansas and authorized to do business in the State of Texas. It may be served through its registered agent, CT Corporation, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## V.

## Facts

7. On August 22, 2019, Plaintiff was an invitee at Wal-Mart Supercenter #1409, located at 10750 Westview Drive in Houston, Texas. She became injured when she slipped and fell as a result of a dangerous condition on Defendant's premises. Plaintiff had not been warned about the dangerous condition on the premises.

8. As a result of the incident, Plaintiff sustained serious bodily injuries and damages.

# VI.

## Causes of Action

### A. *Negligence and Gross Negligence*

9. Plaintiff sustained injuries because of Defendant's negligence and gross negligence when Defendant:

- Failed to properly inspect and maintain the premises;
- Failed to provide workers with proper training;
- Failed to warn Plaintiff of the unreasonably dangerous condition; and
- Other acts so deemed negligent and grossly negligent.

10. Plaintiff sustained severe injuries to her body, which resulted in physical pain, mental anguish, and other medical problems. Plaintiff has sustained severe pain, physical impairment, discomfort, mental anguish, and distress. In all reasonable probability, Plaintiff's physical pain, physical impairment, and mental anguish will continue indefinitely. Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with her injuries.

11. Plaintiff is also entitled to punitive damages because the aforementioned actions of Defendant were grossly negligent. Defendant acted with flagrant disregard for Plaintiff's health and safety. Defendant was subjectively aware of the extreme risk posed by the conditions which caused Plaintiff's injury but did nothing to rectify them. Defendant did so knowing that the conditions posed dangerous and grave safety concerns. Defendant's acts and omissions involved an extreme degree of risk, considering the probability and magnitude of potential harm to Plaintiff and others. Defendant had actual, subjective awareness of the risk, and consciously disregarded such risk.

*B. Premises Liability*

12. Defendant owned, occupied, and/or controlled the area where Plaintiff was injured. The condition of the area where Plaintiff was injured posed an unreasonable risk of harm, and Defendant had actual knowledge or reasonably should have known of the unreasonably dangerous condition. Moreover, Plaintiff did not have actual knowledge of the unreasonably dangerous condition.

13. Plaintiff was an invitee who entered Defendant's premises with Defendant's knowledge and for Defendant's benefit. Defendant had a duty to either warn Plaintiff of the unreasonably dangerous condition or to make the unreasonably dangerous condition reasonably safe. Defendant breached its duty by failing to warn Plaintiff of this known unreasonably dangerous condition and/or by failing to make the unreasonably dangerous condition reasonably safe.

14. Defendant's breach of its duties proximately caused Plaintiff's injuries and damages.

## VII.

## Rule 193.7 Notice

15. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice to Defendants that any and all documents produced may be used against the Defendants in any pretrial proceeding and/or at the time of trial of this matter, without the necessity of authenticating the documents

## VIII.

## Jury Trial

16. Plaintiff hereby requests a trial by jury on all claims and tenders the required jury fee.

4

## IX.

## Written Discovery

17. Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose, within 50 days of service of this request, the information and materials described in Texas Rule of Civil Procedure 194.2(a)-(l).

18. Plaintiff further refers Defendant to the attached Interrogatories and Requests for Production and requests that written responses and responsive documents be produced within 50 days of service of these requests.

## X.

## Designated Service E-mail Address

19. The following is the undersigned attorney's designated e-service e-mail address for all e-served documents and notices, filed and unfiled, pursuant to Texas Rules of Civil Procedure 21(f)(2) and 21a: service@bnueralaw.com. This is the undersigned's *only* e-service e-mail address, and service through any other e-mail address will be considered invalid.

## XI.

## Prayer

20. Plaintiff prays for relief and judgment, as follows:
   - Compensatory damages against Defendant;
   - Actual damages;
   - Past and future medical damages;
   - Past and future loss of earning capacity;

- Past and future physical pain and suffering;

- Past and future impairment;

- Past and future disfigurement;

- Exemplary damages;

- Past and future mental anguish; and

- Interest on damages (pre- and post-judgment) in accordance with law.

Respectfully submitted,

BRUERA LAW FIRM, PLLC

/s/ Sofia E. Bruera
_____
SOFIA E. BRUERA
State Bar No. 24062189
3100 Timmons Lane, Suite 310
Houston, Texas 77027
Telephone: (832) 430-4000
Facsimile: (832) 558-3523
E-mail: sofia@brueralaw.com
Service e-mail*: service@brueralaw.com
*E-service is only accepted at the above-designated e-service e-mail address.

**ATTORNEY FOR PLAINTIFF**